586    COURT OF APPEALS OF WEST VIRGINIA.

Jan'y Term,    Hawver *et al.* vs. Seibert and wife.    1871.

# Charleston.

SAMUEL P. HAWVER *et al.* vs. ABRAHAM SEIBERT AND WIFE.

### January Term, 1871.

1. In a declaration in a suit on a lost bond, it is alleged that the bond was given to one of the plaintiffs, who, by the affidavit filed of the loss of the bond, is alleged to be the wife of the other plaintiff, and it is held that a sufficient interest appears in the female plaintiff, to justify the use of her name as a plaintiff, without further averment to disclose her interest.

2. The inhabitants of Greenbrier county were not declared to be in a state of insurrection against the United States by the President's proclamation of August 16th, 1861, but were specially excepted from the operation thereof, and consequently from the effect of the act of congress of July 13th, 1861. Therefore, commercial intercourse with them was not inhibited in September, 1862, when the bond in this case was executed. Nor was the contract in this case against the policy of the common law as to trading with rebels, because it was not a voluntary act upon the part of the plaintiff.

3. The case of *Winternitz & Son* v. *Hyland and Ramer*, 3 W. Va. Rep., 461, cited and approved.

This was an action of debt brought in the circuit court of Nicholas county, to February rules, 1868, on a lost bond executed by the defendants to the female plaintiff, on the 29th day of September, 1862, the defendant Hawver being principal in the bond, and the other defendants his surety. To the declaration there was a demurrer and three pleas in bar. The demurrer was overruled by the court. The first plea was payment, and to which the plaintiffs replied generally. The second and third pleas, which set up substantially the same defenses, alleged that the consideration of

the bond sued on, was cattle sold during the late rebellion, by the plaintiffs, to the defendant Hawver, the latter being a rebel and adhering to the so-called confederate states, and the plaintiffs being loyal citizens residing within the military lines and under the protection of the government of the United States; that the sale and delivery of said cattle took place in the county of Nicholas, a county within the loyal territory of the United States, and that the plaintiffs knew at the time of the sale and delivery of said cattle, that the said defendant was a rebel, and was purchasing said cattle for the purpose of taking them within the lines of the so-called confederate states, for the aid, comfort, and subsistence of the insurgents and disloyal inhabitants, who were then waging a war of rebellion against the government of the United States. To these pleas the plaintiffs also replied generally.

In May, 1870, a trial was had and verdict and judgment for the plaintiffs. On the trial the plaintiffs offered an affidavit of the execution of the bond and its loss, and also further proved its execution about the last of September, 1862, to the female plaintiff, who was the wife of plaintiff Abraham Seibert.

The defendants, to sustain the issue on their part, proved that about the last of September, 1862, and during the temporary occupation of the Kanawha valley by the so-called confederate forces, and three or four days before any of said forces came into the county of Nicholas, the defendants, Hawver and Odell, the latter acting as agent of the former, purchased of the plaintiff, Elizabeth Seibert, a certain number of cattle, (the plaintiff, A. Seibert, being absent), in consideration of which the said Hawver, as principal, and Odell, as his surety, executed the bond sued on; that at the time said purchase was made and said bond executed, the defendant, Hawver, resided in the county of Greenbrier, a county, which during the war, was under the civil and military control of the so-called confederate states, excepting occasional raids by the military forces of the United

588      COURT OF APPEALS OF WEST VIRGINIA.

Jan'y Term.      Hawver *et al.* *vs.* Seibert and wife.      1871.

States, and was once held by General Crook's command of the last named forces for some three or four weeks; that defendant, Hawver, was a rebel, holding allegiance to the so-called confederate states, and had been purchasing cattle for the support of the armies and inhabitants of the so-called confederate states; that the defendant Odell, and plaintiffs, were loyal citizens of the United States, and held allegiance thereto, and resided in the county of Nicholas, whose territory after the winter of 1861, with the exception of occasional raids by the military forces of the so-called confederate states, was under the civil and military control of the United States; that the purchase was made and bond executed at the residence of the plaintiffs, in Nicholas county, at a time when said county was not occupied by either army; that the plaintiff, Elizabeth Seibert, must have known that defendant Hawver was a rebel; was told at the time of the purchase that he was going to take the cattle to Greenbrier county; that said Elizabeth Seibert said she did not want to sell the cattle, but remarked that she preferred selling them for money, that would answer her husband's purposes when the country was settled, to running the risk of them being taken from her for nothing by the rebels; that defendant Hawver drove the cattle to Greenbrier county, and afterwards sold them to the so-called confederate authorities.

This being substantially all the evidence in the case, the jury rendered a verdict for the plaintiffs, and the defendants, by their counsel, moved the court to set aside the verdict and grant a new trial, because it was contrary to the law and evidence, which motion the court overruled, and rendered judgment for the plaintiffs. They also moved the court to set aside the verdict of the jury, on the grounds that the same was contrary to the instructions of the court, which instructions were in these words:

" The court instructs the jury that, if they believe, from the evidence in this case, that at the time of the sale of the cattle by the plaintiff, Elizabeth Seibert, to the defend-

ant, S. P. Hawver, or his agent, J. W. Odell, the said Eliza-
beth Seibert was a loyal person residing in the county of
Nicholas, and that the said Elizabeth knew at the time of
said sale that the said Hawver was a rebel, and purchasing
said cattle for the purpose of taking them to the county of
Greenbrier, and within the territory of the so-called con-
federate states, and were to be used in aid of the rebellion,
that then, notwithstanding the county of Nicholas may
have been temporarily under the military control of the
rebel army, they must find for the defendants."

The defendants brought the case here for review.

Hon. J. M. McWhorter, Judge of the circuit court of
Nicholas county, presided on the trial of the case.

*Snyder* for the plaintiffs in error.
*Price* for the defendants in error.

MOORE, J.   It sufficiently appears from the writing obli-
gatory, as set out in the declaration, that Elizabeth Seibert
had such interest therein, as justified the use of her name
as a plaintiff, and it was not necessary for other or further
averment to disclose her interest.

The joinder of the husband, as co-plaintiff, was not er-
ror. 1 Chitty's Pl., side page 30. The court properly over-
ruled the demurrer to the declaration.

The inhabitants of Greenbrier county were not declared
to be in a state of insurrection against the United States,
by the proclamation of President Lincoln, issued August
16th, 1861, but were specially excepted from the operation
thereof, and consequently from the effect of the act of Con-
gress of July 13th, 1861. Having, therefore, a loyal status,
commercial intercourse with them was not inhibited at the
date of the said writing obligatory, and therefore the said
contract does not fall under the ban of the said act of Con-
gress and proclamation; nor was it against the policy of
the common law, because the evidence shows that the con-

tract was not a voluntary transaction on her part, even if she knew she was trading with an enemy, nor do the facts show that she knew Hawver was a rebel. The whole case indicates an unwillingness, on the part of Hawver, to meet an obligation which, in fact, in honor, and in law, he is bound to do, as appears from this record.

Upon these reasons, and upon the principles indicated in the cases of *The Ouachita Cotton*, 6 Wallace, 521, and *Winternitz & Son* v. *Hyland & Ramer*, 3 West Va., 461, I think there was no error in overruling the motion for a new trial; and the judgment of the court below should be affirmed, with costs and damages.

The other judges concurred.

JUDGMENT AFFIRMED.